IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01659-STV

CLAUDINE OWENS,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion"). [#16] For the following reasons, the Motion is **GRANTED**.

    The Equal Access to Justice Act ("EAJA") provides for an award of attorneys' fees to the prevailing party in a civil action against the United States. 28 U.S.C. § 2412(d)(1). The Court must award reasonable attorneys' and paralegal fees to Plaintiff "if: (1) [she] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (noting that reasonable fees for work performed by paralegals are recoverable under the EAJA).

    In this matter, the Court reversed the Commissioner's decision that Plaintiff was not under a disability [#14 at 16], remanded the matter for rehearing and reconsideration

[*id.*], and entered a final judgment in favor of Plaintiff [#15].  The Commissioner does not oppose the relief requested in the Motion, or otherwise assert that any of the EAJA's requirements are not satisfied in this matter.  [#16 at 5]  The Court, upon review of the Docket and the Motion, finds that Plaintiff is entitled to a reasonable award of attorney and paralegal fees under the EAJA.

The Court determines a reasonable attorney fees award by calculating the "lodestar amount"—the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[1]  *Auto-Owners Ins. Co. v. Bridgewater Int'l, Inc.*, No. 15-cv-01665-PAB-KLM, 2018 WL 1046791, at *1 (D. Colo. Feb. 21, 2018) (first quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), then quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In addition to attorney fees, the Supreme Court has held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

Plaintiff, with the assent of the Commissioner, seeks $8,000.00 in attorney and paralegal fees, and $0.00 in costs/expenses.  [#16 at 5]  The Motion includes time sheets, which document time spent to the tenth of an hour.  [#16-1 at 5]  In total, Plaintiff seeks

---

[1] The EAJA states that the amount of attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA," *Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574, at *7 (D. Colo. June 26, 2013), and "[c]ourts in this district routinely grant cost of living adjustments to attorney fee petitions under the EAJA," *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *3 (D. Colo. Mar. 7, 2016) (collecting cases).

fees for 41.3 hours of attorney time, and 3 hours of paralegal time. [##16 at 8; 16-1 at 5] Factoring in the discounted $8,000.00 amount agreed to by the parties, this amounts to an attorney fee rate of about $186.44 per hour, and a paralegal fee rate of about $100 per hour. The Court concludes that the proposed attorney fee award is reasonable. *See e.g.*, *Stura v. Colvin*, No. CIV-14-521-KEW, 2016 WL 6882845, at *1-2 (E.D. Okla. Nov. 21, 2016) (awarding $6,213.00 in attorneys' fees for 32.7 hours in social security appeal); *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *4 (D. Colo. Mar. 7, 2016) (awarding $8,921.77 in attorneys' fees for 47.6 hours expended at an hourly rate ranging from $186.53 to $189.67 in a social security appeal).

Accordingly, it is **ORDERED** that Plaintiff's Motion [#16] is **GRANTED** and that Plaintiff is awarded $8,000.00 in attorney and paralegal fees. If it is determined upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the fee awarded herein shall be made payable directly to Plaintiff's attorney, pursuant to Plaintiff's assignment. [#16-1 at 7]

DATED: April 30, 2024                             BY THE COURT:

                                                  s/Scott T. Varholak
                                                  United States Magistrate Judge